IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CV-554-BO

| | |
|---|---|
| NORMA DALE MOORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| CAROLYN COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the Court on plaintiff's motion for summary judgment and defendant's motion for judgment on the pleadings. [DE 17, 21]. A hearing on this matter was held in Elizabeth City, North Carolina, on November 18, 2015. For the reasons discussed below, plaintiff's motion is GRANTED, defendant's motion is DENIED, and the judgment of the commissioner is REVERSED.

BACKGROUND

Plaintiff applied for a period of disability, disability insurance benefits, and supplemental security income on June 23, 2011, alleging disability beginning October 1, 2010. [Tr. 186]. This application was denied initially and upon reconsideration. An Administrative Law Judge held a hearing in Raleigh, North Carolina, on April 15, 2013 and rendered an unfavorable decision to plaintiff on May 29, 2013. [Tr. 13–16]. The Appeals Council denied plaintiff's request for review, and the ALJ's decision of the Commissioner on May 29, 2013. [Tr. 1]. Ms. Moore then sought review in this Court. [DE 6].

On her alleged onset of disability date, plaintiff was 50 years old, though she is now 55 years old. [Tr. 58]. She has a high school education and a prior career as nurse's assistant. [Tr.

25]. Ms. Moore has chronic obstructive pulmonary disease (COPD), obesity, depression, and anxiety. [Tr. 18].

## DISCUSSION

When a social security claimant appeals a final decision of the Commissioner, the Court's review is limited to the determination of whether, based on the entire administrative record, there is substantial evidence to support the Commissioner's findings. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). If the Commissioner's decision is supported by such evidence, it must be affirmed. *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).

To find a claimant disabled, an ALJ must conclude that the claimant satisfies each of five steps. 20 C.F.R. § 404.1520(a)(4). First, a claimant must not be able to work in a substantial gainful activity. *Id.* Second, a claimant must have a severe physical or mental impairment or combination of impairments. *Id.* Third, a claimant's impairment(s) must be of sufficient duration and must either meet or equal an impairment listed by the regulations. *Id.* Fourth, a claimant must not have the residual functional capacity (RFC) to meet the demands of claimant's past relevant work. *Id.* Finally, the claimant must not be able to do any other work, given the claimant's residual functional capacity, age, education, and work experience. *Id.* The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ found that plaintiff has not engaged in substantial gainful activity since October 1, 2010. [Tr. 18]. Second, the ALJ determined that plaintiff's chronic obstructive

2

pulmonary disease (COPD), obesity, depression, and anxiety were severe impairments. *Id.* However, none of plaintiff's impairments or combination of impairments met or medically equaled a listing. [Tr. 19]. Next, the ALJ determined that plaintiff was capable of performing light work with additional limitations. [Tr. 21]. Plaintiff can climb only occasionally. *Id.* She is to avoid pulmonary irritants as well as dangerous machinery. *Id.* Plaintiff would be limited to simple, routine, repetitive tasks. *Id.* Finally, though plaintiff was unable to perform her past relevant work, the ALJ determined that there are jobs that exist in significant numbers in the national economy that plaintiff can perform. [Tr. 25]. A vocational expert testified that these would include cashier, cafeteria attendant, and sales attendant. [Tr. 26]. Accordingly, the ALJ found that plaintiff was not disabled since October 1, 2010. *Id.* Plaintiff now seeks review of the determination that she is not disabled.

Plaintiff argues both that the ALJ erred in finding her orthopedic problems were not severe and that, had the ALJ properly considered plaintiff's treating physicians, plaintiff would have been limited to sedentary work. [DE 18]. The Court will focus on the second argument since it was the majority of counsel's argument at the hearing and its proper resolution settles the matter.

An ALJ makes an RFC assessment based on all of the relevant medical and other evidence. 20 C.F.R. § 404.1545(a)(3). The opinion of a treating physician must be given controlling weight if it is well-supported by the medical evidence and not inconsistent with other substantial evidence in the case. 20 C.F.R. 404.1527; *see also Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987); *Mitchell v. Schweiker*, 699 F.2d 185 (4th Cir. 1983). Even if a treating physician's opinion is not entitled to controlling weight, it still may be entitled to the greatest of weight. SSR 96-2p. When determining the weight to give a physician's opinion, the ALJ is to

3

consider, among other things, the length and nature of the treatment relationship, as well as the consistency of a physician's findings with the record and whether or not that physician is a specialist in the field. 20 C.F.R. 404.1527.

Here, plaintiff had two treating physicians, Dr. Singh and Dr. Hall-Wilson. Dr. Singh is a specialist in the field of pulmonology who examined plaintiff approximately half a dozen times, including administering diagnostic tests. [Tr. 367–84]. Dr. Hall-Wilson was plaintiff's treating primary care physician who began seeing her in 2010 and referred plaintiff to Dr. Singh. [Tr. 372].

Both plaintiff's treating physicians—Dr. Singh and Dr. Hall-Wilson—came to strikingly similar conclusions as to plaintiff's abilities. In March 2013, Dr. Singh diagnosed plaintiff with asthma and COPD. [Tr. 382]. As a result, Dr. Singh concluded plaintiff could stand/walk less than two hours of an eight hour work day and rarely lift over two pounds. *Id.* Dr. Hall-Wilson came to an almost identical conclusion a month later. Dr. Hall-Wilson diagnosed plaintiff with, among other ailments, asthma and COPD. [Tr. 437]. As a result of these conditions, Dr. Hall-Wilson concluded, just as Dr. Singh did, that plaintiff could stand/walk less than two hours. *Id.* Dr. Hall-Wilson's conclusions as to lifting and carrying were almost identical as well except that Dr. Hall-Wilson found plaintiff could occasionally lift up to ten pounds, whereas Dr. Singh said she could rarely lift this much. *Id.* In these ways, the two treating physicians' diagnoses and conclusions line up almost exactly. When these conclusions are considered alongside the repeated instances of lung and breathing problems in the record—though not reflected in the ALJ's opinion—it is clear that these interlocking conclusions are consistent with substantial evidence and, thus, entitled to controlling weight. [*See* DE 18].

4

The facts underlying Dr. Singh's and Dr. Hall-Wilson's conclusions are all cited in the ALJ's decision followed by the remarkable conclusion that "the record [] shows that the claimant's condition is not so debilitating that it prevents her from occasionally lifting 20 pounds, frequently lifting 10 pounds, and sitting, standing, and walking for 6 hours out of an 8-hour workday, as required by light work." [Tr. 23]. The only possible explanation for this conclusion—though no such explanation is provided by the ALJ—is the consultative examining doctor, Dr. Lam's, conclusion that plaintiff could sit, stand, move about, lift, and carry objects without restriction, despite plaintiff reporting to Dr. Lam that she could not sit or stand for more than 45 minutes and could not lift and carry more than 10 pounds. [Tr. 22–23, 346–48]. One doctor's questionable conclusion, which contradicts those of the two treating physicians, hardly renders the treating physicians' conclusions inconsistent with the substantial evidence. Accordingly, the ALJ was in error in refusing to give Dr. Singh and Dr. Hall-Wilson's opinions controlling weight.

The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one which "lies within the sound discretion of the district court." *Edwards v. Bowen*, 672 F.Supp. 230, 236 (E.D.N.C. 1987). The Fourth Circuit has held that it is appropriate for a federal court to "reverse without remanding where the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose." *Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir. 1974). Remand, rather than reversal, is required when the ALJ fails to explain his reasoning and there is ambivalence in the medical record, precluding a court from "meaningful review." *Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013) (citing *Kastner v. Astrue*, 697 F.3d 642, 648 (7th Cir. 2012)). Here, substantial evidence does not support the

5

ALJ's decision. It is clear that, were the treating physicians' opinions given the controlling weight they were due, plaintiff would have been given an RFC of sedentary, at best. Given plaintiff's age and Medical-Vocational Guideline 201.14, even a rating of sedentary would render plaintiff disabled. Accordingly, the Court REVERSES the decision of the Commissioner and remands to the agency for an award of benefits beginning with plaintiff's alleged onset date of October 1, 2010.

## CONCLUSION

For the foregoing reasons, defendant's motion for judgment on the pleadings [DE 21] is DENIED, plaintiff's motion for summary judgment [DE 17] is GRANTED, and the decision of the Commissioner is REVERSED. Accordingly, this case is REMANDED for an award of benefits consistent with this order.

SO ORDERED, this 23 day of November, 2015.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE